**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 12-110-WOB-JGW
CIVIL ACTION NO. 12-101-WOB-JGW
CIVIL ACTION NO. 12-102-HJW-JGW**

WILLIAM D. SLONE                                                    PETITIONER
a.k.a. WILLIAM D. SLOAN

v.

JOSEPH P. MEKO, WARDEN                                       RESPONDENTS
and
LITTLE SANDY CORRECTION CAMP
and
GARY BECKSTROM, WARDEN

### REPORT AND RECOMMENDATION AND ORDER

Petitioner has filed three separate pro se petitions for a writ of habeas corpus, along with a flurry of motions, letters, and other documents, many of them duplicates and filed in multiple cases. Case 12-101, Docs. 1, 17, 18, 19, 21-23, 25-29, 31-39, 41-48, 50, 52-57, 59-63, 69-81; Case 12-110, Docs. 1, 10, 11, 12, 14-38; Case 12-102, Docs. 1, 3, 5-13. Also pending are respondent's motion to dismiss, motion to strike, motion for a protective order, and various responses to petitioner's filings. Case 101, Docs. 12, 41, 42, 51, 57, 58. Another matter to be discussed is whether case number 12-110 should be consolidated with case number 12-101.

### I. Facts and Procedural Background

On March 28, 2012, petitioner filed a petition for a writ of habeas corpus, naming Joseph P. Meko, Warden of the Little Sandy Correctional Complex, as respondent. Case 12-101, Doc. 1. The petition was problematic from the start. Though he was convicted in Campbell County, Kentucky, and incarcerated at the Little Sandy Correctional

1

Complex, both located in the Eastern District of Kentucky, petitioner submitted his filing to the Western District. Thus, the case was transferred to this, the proper court. *Id.*, Doc. 5. Once in the Eastern District, the Court converted the action to a petition under 28 U.S.C. § 2254, rather than § 2241, because petitioner is "a person in custody pursuant to the judgment of a State court." *Id.*, Doc. 6. On May 17, 2012, respondent moved to dismiss the petition as premature, arguing that petitioner's appeal of his underlying conviction was still pending before the Kentucky Supreme Court. *Id.*, Doc. 12.

Meanwhile, shortly before the warden moved to dismiss the first case, on May 4, 2012, petitioner filed a second petition alleging the same facts and making the same arguments as he does in his initial petition. Case 12-110, Doc. 1. Since instituting each action, petitioner has continued to file various documents, some seemingly or obliquely asking for relief, others not. Many of the filings have been docketed in both cases. For these reasons, Judge Thapar, the district judge assigned to the second petition, reassigned that matter to Judge Bertelsman, the district court judge assigned to petitioner's first petition, to consider whether to consolidate the cases. *Id.*, Doc. 7.

Finally, on December 4, 2012, petitioner filed still another habeas petition and related documents, repeating arguments he made in now two other petitions. Case 12-102, Doc. 1.

## II. Respondent's Motion to Dismiss, Consolidation

The motion to dismiss filed by Warden Joseph Meko, respondent in the initial petition, stated that petitioner failed to exhaust state court remedies because his appeal to the Supreme Court of Kentucky had not yet been decided when he instituted this action. Case 12-101, Doc. 12. Respondent is correct, as both petitions were filed while

2

petitioner's case was pending before the Kentucky's highest court. *See* Supreme Court of Kentucky, Case No. 2011-SC-493-MR. Nonetheless, petitioner's case before the Supreme Court of Kentucky has now been resolved, with that Court affirming petitioner's conviction. *Id*. In the interest of economy, petitioner should not be asked to re-file his § 2254 motion. Instead, respondent Meko's motion to dismiss should be denied as moot, and respondent should be ordered to respond substantively to petitioner's first § 2254 motion (Case 12-101). Likewise, because petitioner's other two petitions are repetitive successive petitions that present the same claims as does his first petition, the second petition (Case 12-110) and the third petition (Case 12-102) should be dismissed under 28 U.S.C. § 2244(b)(1). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

### III. Petitioner's Filings

As shown, petitioner has filed many documents with this Court regarding, at least in theory, his habeas petition. The pace of the filings appears to be increasing. The Court will answer petitioner's filings once and for all and direct that he not file additional irrelevant letters and other documents. Petitioner's main complaint appears to result from a misunderstanding of the nature of and difference between habeas corpus and § 1983 suits. One document, Case 12-101, Doc. 34 (also docketed in Case 12-110, Doc. 21), is illustrative of this confusion. There, petitioner references a civil suit he filed in Louisville, case number 12-166 entitled *Sloan v. Noe, et al.*, stating, "somehow it got turned into" the original habeas petition, case number 12-101. Petitioner also alleges that the documents filed in case number 12-101 by the state Attorney General's office from April to May of 2012, are "false." He appears to believe that the case he originally filed in the Western District of Kentucky and called a 28 U.S.C. § 2241 action was actually, or

3

intended to be, a civil suit under 42 U.S.C. § 1983, and he seems to believe that this Court's order transforming the case to a 28 U.S.C. § 2254 petition was somehow improper. Virtually all of petitioner's filings appear to result from this misunderstanding.

There are two main types of cases brought by incarcerated plaintiffs. The first type is a petition for habeas corpus, and there are two avenues by which a habeas petition may be brought: 28 U.S.C. §2241 and 28 U.S.C. §2254. The second avenue is a civil rights complaint under 42 U.S.C. §1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983."). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" while "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* In other words, "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement, and seeks either immediate release from prison, or the shortening of his term of confinement . . . ." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (internal citation and quotation marks omitted).

In the habeas realm, 28 U.S.C. §2241 "provides a general grant of habeas jurisdiction" and "section 2254 limits the grounds for habeas relief to people in custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006). Though the statutes are somewhat related, the law is clear that a state prisoner seeking post-conviction relief, such as petitioner Slone, must proceed under § 2254. *See, e.g., Rittenberry*, 468 F.3d at 337 ("The numerous federal decisions on this issue support

4

the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 . . . . Under this approach, there is really only a single 'gate' to federal habeas relief from state custody-through the general jurisdictional grant in section 2241-although all petitions seeking relief from state court *convictions* are more specifically filed 'under section 2254' as well . . . ."); *Postconviction Remedies* § 5:2 State prisoners—Statutory grounds for relief (2012) ("Although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is properly construed as the exclusive avenue for a state prisoner challenging the constitutionality of his detention to obtain habeas corpus relief.").

When petitioner's case is seen in light of these various statutory schemes, it is easy to understand his confusion. Petitioner's original filing (Case 12-101, Doc. 1) was made in the United States District Court for the Western District of Kentucky. It is a form document for a petition under 28 U.S.C. §2241 that petitioner filled in by hand. In it, petitioner claims mainly that his trial was illegal. Petitioner does not offer much in the form of specific, concrete examples to support his argument, though he does state that he was tried without first being psychologically evaluated, despite a known head injury for which he was apparently drawing disability payments. Doc. 1 at 3, 5. Petitioner also alleges illegal processes ("elegal proscesses and processors") were used at trial, that the prosecution was "messing with the evidence" and "[made its] own evidence," that petitioner was not allowed to "pick my own jurors" or call witnesses ("refusing to call my wittness"), and that "the whole trial was wrong." *Id*. at 3-4. Petitioner makes several other assertions in the document, including that he was threatened with a conviction under Kentucky's persistent felony offender statute if he did not take a plea bargain

5

(which he did not), that because he was a convicted felon going into the trial "they wanted me guilty so they made me guilty," that he should not have "been tried without the Court following the common laws," and, in response to the question on the form asking why he did not exhaust all available remedies, he wrote, "It does not do no good to tell anybody nothing[,] nobody listen." *Id*. at 6-7.

Clearly, petitioner erred by filing his habeas petition on a pre-printed form to be used for § 2241 claims. Because the filing is actually a legal challenge to the fact of his imprisonment by a state court, it should have been made under § 2254. Therefore, rather than being a sneaky ploy by the State or the Court, as petitioner alleges in Case 12-101, Doc. 34, the Court properly construed the claim to have been brought under §2254. Though petitioner states that he only wanted to file a civil suit in Louisville as case number 12-166, the matters he complains about in that original filing cannot be made under § 1983, but instead may only proceed as a habeas petition under § 2254. In short, rather than illegally transforming petitioner's case from a § 1983 action to a habeas petition, the Court acted generously by allowing petitioner's claims to proceed. As a result, a majority of petitioner's filings should be denied because they fail to grasp this distinction, are indecipherable, and/or seek either no relief at all or no relief which this Court can provide; these include: Case 12-101, Docs. 25, 33, 50, 52, 54, 55, 56, 59, 60, 69, 70. Petitioner's remaining filings are incoherent, do not seek any relief, were properly not docketed as motions, and are stricken from the record.

Petitioner has also filed a petition for a writ ad testificandum. Case 12-101, Doc. 53. The filing is incomprehensible. Moreover, it is within the Court's discretion whether to grant discovery in habeas cases, and the Court will decline to do so. Petitioner has also

6

filed a motion for leave to proceed in forma pauperis and for appointment of counsel. Case 12-101, Docs. 28, 61, 62. The District Court has already granted petitioner's previous motion for leave to proceed in forma pauperis. Case 12-101, Doc. 6. Therefore, his successive motion is moot. This Court will deny petitioner's motion for appointment of counsel, as the Sixth Amendment right to counsel generally does not apply in habeas cases and petitioner has presented no compelling reason for appointment in this case. *See Ritchie v. Eberhart*, 11 F.3d 587, 591 (6th Cir. 1993) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

### IV. Respondent's Motion for a Protective Order

Respondent has moved for a protective order, alleging that petitioner's constant flood of filings constitutes abuse of process. Case No. 12-101, Doc. 42. The Court agrees. A protective order shall issue restricting petitioner from filing any documents unless expressly granted leave by the Court. If petitioner does file a document, the Clerk is directed not to docket it, but to alert this Court, which will review the filing for relevance and then determine whether it should be docketed or disregarded. Petitioner is warned that he must obey the rules of this Court and that failure to do so may result in the imposition of sanctions. Accordingly, for the reasons stated herein,

**IT IS RECOMMENDED:**

(1) Case number 12-110 and 12-102 should be **dismissed** under 28 U.S.C. § 2244(b)(1) as successive habeas petitions raising no new grounds for relief;

(2) Respondent's motion to dismiss [Case number 12-101, Doc. 12] should be **denied as moot**. Respondent should be **directed** to respond substantively to petitioner's initial petition, Case number 12-101, Doc. 1;

(3) Petitioner's various motions [Case 12-101, Docs. 25, 33, 52, 54, 55, 56, 60, 69, and 70] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

**IT IS ORDERED:**

(1) Petitioner's petition for a writ ad testificandum [Case 12-101, Doc. 53] is **denied**;

(2) Petitioner successive motion for leave to proceed in forma pauperis [Case 12-101, Doc. 61] is **denied**;

(3) Petitioner's motions for appointment of counsel [Case 12-101, Docs. 28, 61, 62] are **denied**.

(4) Respondent's motion for a protective order [Case No. 12-101, Doc. 42] is **granted.** Petitioner shall not file any documents unless expressly granted leave by the

Court. If petitioner does file a document, the Clerk is directed not to docket it, but to alert this Court, which will review the filing and determine whether it should be docketed or disregarded.

    (5) Petitioner's remaining filings [Case 12-101, Docs. 18, 19, 21-23, 26, 27, 29, 31, 32, 34-39, 43-48, 59, 63, 72-81] should be **stricken from the record**; and

    (6) Respondent's motions to strike [Case 12-101, Docs. 41 and 65] should be **denied** as moot.

    This, the 7th day of January, 2013.　　　s/ J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　J. Gregory Werhman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge